UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MOHAMED MKHAITIR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRISON SWEARINGEN, )<br>TODD LYONS, )<br>KRISTI NOEM, )<br>PAMELA BONDI, )<br>)<br>Respondents. ) | No. 2:26-cv-00117-JPH-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Mohamed Mkhaitir seeks a writ of habeas corpus requiring that he receive a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 14.

Because the undisputed facts demonstrate that Mr. Mkhaitir is eligible for a bond hearing, the Court **grants** the petition, ordering that no later than **5:00 p.m. on March 6, 2026**, Respondents must either: (1) afford Mr. Mkhaitir an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Mkhaitir from custody, under reasonable conditions of supervision.

### I. Background

The material facts are undisputed.

Mr. Mkhaitir is a native of Mauritania who entered the United States without inspection on November 7, 2022. Dkt. 5-1 at 3 (ERO Narrative). Two days later, U.S. Border Patrol agents detained him, and Mr. Mkhaitir expressed fear of returning to his home country. *Id.* He was issued a Notice to Appear on

December 9, 2022. Dkt. 5-2 at 1. The Notice to Appear charged Mr. Mkhaitir as "subject to removal" per § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") because "[he] [was] not then admitted or paroled after inspection by an immigration officer." *Id.* Mr. Mkhaitir was also charged as removable per § 212(a)(7)(A)(i)(I) because he did not have a valid immigration document. *Id.* A box indicating that an asylum officer has determined that Mr. Mkhaitir has a credible fear of persecution or torture is also checked. *Id.* The "arriving alien" checkbox is unmarked. *Id.*

On December 28, 2022, Mr. Mkhaitir was issued an interim notice authorizing parole and was released from custody. Dkt. 5-3.

On February 16, 2026, Mr. Mkhaitir was pulled over by the Indiana State Police, who contacted ICE. Dkt. 5-1 at 2. An officer determined that Mr. Mkhaitir should be detained during removal proceedings. *Id.* He was issued a Warrant for Arrest (Form I-200). Dkt. 5-4.

Mr. Mkhaitir's removal proceedings remain pending; he has a hearing scheduled for May 1, 2028. Dkt. 5-1 at 3.

## II. Discussion

Mr. Mkhaitir claims that his current detention violates the INA (Count I) and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 1 ¶¶ 63–98. Respondents argue that Mr. Mkhaitir is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 5.

The Court finds that Mr. Mkhaitir's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Mkhaitir is entitled to habeas corpus relief on these grounds, the Court does not address his constitutional argument.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond . . . ; or

        (B) conditional parole[.]

3

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission,* if the examining immigration officer determines that *an alien seeking*

*admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Mkhaitir Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Mkhaitir who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation

5

and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19. Respondents have cited no binding precedent to the contrary. And as the Seventh Circuit recently explained, "seeking admission" under § 1225(b)(2)(A) cannot be read as synonymous with "applicant for admission". *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (citing *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023)) ("[E]very clause and word of a statute should have meaning.")).[2]

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 5 at 5–6; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb, 6, 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . .

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 2025 WL 2896348, at *14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

[2] The Court cites *Castañon-Nava* as persuasive precedent. *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr,* 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Mkhaitir can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava* as persuasive precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061.

Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Mkhaitir. Mr. Mkhaitir was detained by border patrol agents soon after his arrival in November 2022, and in December 2022 he was released on parole. Dkts. 5-1, 5-3. As seen above, § 1225 does not provide for release except under circumstances not applicable here (e.g., humanitarian parole) because it mandates detention. In December 2022, DHS issued a Notice to Appear that (1) left the "arriving alien" checkbox blank; and (2) charged Mr. Mkhaitir with removability because "[he] [was] not then admitted or paroled *after* inspection by an immigration officer" after he entered the country in 2022. Dkt. 5-2 at 1 (emphasis added). Then, roughly three years later, Mr. Mkhaitir was

detained once again pursuant to a warrant that explicitly authorized the federal agent to take him into custody under § 1226. Dkt. 5-4. Respondents represent that "Section 1225 governs inspection, the initial step in deciding who can enter the country and who can stay after entering," but they do not explain why or how Mr. Mkhaitir would need to be inspected again in 2025 if he was already inspected in 2022. *See* dkt. 5 at 4.

Thus, the government's own treatment of Ms. Mkhaitir suggests that he is only rightfully detained under § 1226. The government cannot now maintain that Mr. Mkhaitir is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were served with a Notice to Appear for removal proceedings, released on parole, and subsequently arrested pursuant to an administrative warrant. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856

8

(N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Mkhaitir was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Mkhaitir's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief. The Court therefore concludes that Mr. Mkhaitir is entitled to a bond hearing under § 1226.

### III. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 6, 2026**, Respondents must either: (1) provide Mr. Mkhaitir with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Mkhaitir from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on March 7, 2026**, Respondents must file documentation certifying that they have provided Mr. Mkhaitir with a bond hearing or released him.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/3/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

9

Distribution:

Jana Al-Akhras
Urena & Associates
ja@urenaesq.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov